**Dante' A. BRADFORD, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 2006–3295.

United States Court of Appeals, Federal Circuit.

Aug. 21, 2006.

Dante' A. Bradford, pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

PER CURIAM.

*ORDER*

The court treats Dante' A. Bradford's correspondence concerning the timeliness of his petition for review as a motion for reconsideration of the court's previous rejection of his petition for review as untimely. Bradford moves for leave to proceed in forma pauperis.

On March 17, 2006, the Merit Systems Protection Board issued a final decision in *Bradford v. United States Postal Service,* No. AT–0752–05–0914–1–1, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. The Board's records reflect that Bradford received the Board's decision on March 21, 2006.\* Bradford's

---

sion until April 9, 2006. However, even if Bradford's personal receipt determined the

petition seeking review of the Board's decision was received by the court on June 13, 2006 and rejected as untimely.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Bradford's petition for review was due in this court within 60 days of receipt of the Board's final decision, i.e., by May 22, 2006. Because Bradford's petition for review was received on June 13, 2006, 22 days late, the court must dismiss Bradford's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.

(3) Bradford's motion for leave to proceed in forma pauperis is moot.

legal receipt date, Bradford's petition would still be untimely because he filed his petition